## Scull's Estate.

*Will—Annuity—Investment of principal to secure annuity—Remaindermen.*

Testatrix directed her executor to invest sufficient principal to pay an annuity of $100 to a person named, and directed that after the death of the annuitant the principal set apart to secure the annuity should be paid to a charity. The orphans' court directed that $3,000 should be set apart to secure the annuity. On the death of the annuitant it appeared that $2,000 had been sufficient to pay the annuity. This sum was accordingly awarded to the charity, and the balance of the fund was distributed to the residuary legatees. On appeal the six judges who heard the appeal were equally divided in opinion and the decree of the orphans' court was affirmed.

Argued Oct. 24, 1912. Appeal, No. 104, Oct. T., 1912, by The Philadelphia Home for Incurables, from decree of O. C. Phila. Co., Oct. T., 1895, No. 388, dismissing exceptions to adjudication in Estate of Hannah W. Scull,

88 · SCULL'S ESTATE.

Statement of Facts—Opinion of Court below. [52 Pa. Superior Ct.

deceased. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Exceptions to adjudication.

Lamorelle, J., filed the opinion of the court as follows:

Having given to Mary Burns and Sarah Bowen each, if living with her at the time of her death, the sum of $100, for life, testatrix directed the executor of her will to invest "sufficient of the principal" of the estate to fully produce the annuities, and, upon the death of the annuitants, respectively, "to pay the principal set apart to secure her annuity," to the Philadelphia Home for Incurables. By codicil, the principal invested to secure the annuity of Sarah Bowen was bequeathed, upon her death, to the Indigent Widows' and Single Women's Society, and the sum of $2000 was given to these respective institutions if either of the annuitants had left the service of testatrix in her lifetime. By another codicil, the annuity to Mary Burns became effective even though she were not employed by testatrix; and, by a still later codicil, the gift to Sarah Bowen was revoked.

In due course, the executor purchased a $2,000 mortgage for the purpose of paying the annuity to Mary Burns. When, however, his first account was before the court for audit, Judge Penrose directed that a sum of not less than $3,000 should be set aside, and the excess income, if any, paid to the residuary legatees, and held that the question of what sums should be payable to the Home "as the principal of the annuity" was not to be determined until the death of the annuitant.

Mary Burns, the annuitant, died in May, 1910. The executor thereupon accounted for the fund thus set aside and the auditing judge decided that $2,000 should be paid the Home and the balance to the residuary legatees. To this finding the Home excepted.

The executor was directed to invest "sufficient of the principal;" that he did; for the record shows affirmatively

that the investment made by him in 1895, prior to his first accounting, has always yielded an income of $100 per annum. The additional sum set aside by Judge PENROSE was solely for the protection of the annuitant; his opinion did not define, nor was it intended to define, what, in the light of subsequent events, might prove adequate; in terms, he left open the question of the sum to be paid to the charity upon the falling in of the annuity. This opinion precluded a looking forward and an arbitrary adjustment; therefore, the proper solution of the question is found by "looking backward," and this vindicates the judgment of the executor; the sum he invested has been sufficient, and, as it is such sum as is given in remainder, it is difficult to see upon what theory the Home may claim $3,000. In short, the $3,000 has proved more than sufficient, and, under the very terms of the will, the remainderman may not have any more than has been shown to be enough to produce the annuity.

That this view is correct is emphasized by the fact that testatrix herself provided for a legacy of $2,000 to the Home in event of the annuity failing; this is conclusive as to what, in her mind, was the amount of the gift over to the charitable institution.

The exceptions are dismissed.

DALLETT, P. J., filed the following dissenting opinion:

This testatrix's gift to the Philadelphia Home for Incurables, after the death of Mary Burns, was, in the words used in her will, "the principal set apart to secure her annuity," and in the words used in her codicil "the said principal" and "the principal invested to secure her annuity."

It would therefore appear to be clear that she contemplated the setting aside of a definite sum apart from her other estate out of which the annuity should be paid, and it was the principal of this specific fund, increased by gains or depleted by losses, which at the death of Mary Burns she gave to the Philadelphia Home for Incurables.

She could hardly have selected more apt words to ex-

90 SCULL'S ESTATE.

Dissenting Opinion—Opinion of the Court. [52 Pa. Superior Ct.

press her intention of separating her gifts of annuities and of sufficient principal "to fully protect the amounts of the said annuities" from the balance of her estate.

And she did not direct and she certainly did not expect her residuary estate to become the insurer of either the annuity or of the sum that should be paid to the remainderman upon the death of the annuitant.

I think, therefore, notwithstanding the declaration of the judge who audited the executor's account on December 5, 1895, that this finding was not a finality, that when he held that the amount to be set apart to meet the annuity to Mary Burns "should not be less than $3,000"—and that amount was set apart—he necessarily determined the matter for all time.

But if he did not he certainly did judicially determine that in 1895 the $2,000 set aside by the executor was not sufficient "to fully produce" the amount of the said annuity. In my opinion, therefore, the Philadelphia Home for Incurables, is, in any event, entitled to something more than $2,000, and if it is not entitled to $3,000, perhaps an award of $2,500, based on income return of four per cent, would be equitable.

*Errors assigned* were in dismissing exceptions to adjudication.

*George C. Krewson,* for appellant.

*Joseph B. Townsend, Jr.,* for appellees.

PER CURIAM, November 18, 1912:

The question involved in this case is not free from difficulty, and we find after full consideration that the six judges who heard the appeal are equally divided in opinion. The respective views with regard to the question are well set forth in the opinions of the auditing judge, of the majority of the court on exceptions to his adjudication, and the dissenting opinion. The six judges who heard the appeal being equally divided in opinion, the decree is affirmed, costs to be paid by the appellant.